**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                                                            CASE NO.: 15-29592-RAM
                                                                                                              CHAPTER 13

Zoilita J. Garcia,

     Debtor,

_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

CIT BANK, N.A. ("Secured Creditor"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(S), Zoilita J. Garcia, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on November 4, 2015.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On September 28, 2007, Debtor(s) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note up to the maximum principal amount of $427,500.00 to FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A SUBSIDIARY OF INDYMAC BANK, F.S.B. The Mortgage was recorded on October 17, 2007 in Book 25993 at Page 0753 of the Public Records of Miami-Dade County, Florida. The loan was transferred to Secured Creditor by merger. True and accurate copies of documents establishing a perfected security interest and ability

to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The mortgage provides Secured Creditor a lien on the real property located in Miami-Dade County, Florida, and legally described as follows:

> The East 40 feet of Lot 25 and the West 20 feet of Lot 26 in Block 51, of IRONS MANOR HIGH PINES ADDITION SECTION "A" as Recorded in Plat Book 23, at Page 80, of the Public Records of Miami-Dade County, Florida.

This property is located at the street address of: 675 NE 135th St., North Miami, FL 33161.

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since March 9, 2015. See Secured Creditor's statement in regard to indebtedness and default, attached hereto and incorporated herein as Exhibit "B."

6. As per the Indebtedness Worksheet attached hereto, Secured Creditor is due the pre-petition amount of $36,067.95 and the post-petition amount of $10,529.38, as of May 2, 2017. See Exhibit "C" attached hereto. The post-petition payment address is: PO Box 85101, Austin, TX 78708.

7. The appraised value of the property is $147,440.00. See Exhibit **"D"** which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

8. Based upon the Debtor(s)' Chapter 13 Plan (Docket No.13), the property is listed in the

plan,and the Debtor is curing the arrears.

9. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

10. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

12. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

13. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving

and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

14. A Proposed Order accompanies this Motion. See Exhibit "E" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

**I HEREBY CERTIFY** that on August 1, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

| | | |
|---|---|---|
| *Debtor* <br> **Zoilita J Garcia** <br> 675 NE 135 Street <br> Miami, FL 33161 <br> MIAMI-DADE-FL | represented by | **Ricardo Corona, Esq.** <br> 3899 NW 7 St, Second Floor <br> Miami, FL 33126 |

*Trustee*
**Nancy K. Neidich**
POB 279806
Miramar, FL 33027

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969
By: /s/ _Vanessa D. Torres_____
Vanessa D. Torres, Esquire
Florida Bar Number  93113
Email: vdtorres@rasflaw.com