# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re:                                                    )        **Case No. 15-29592-RAM**
                                                          )
**Zoilita J Garcia,**                                     )        **Chapter 13**
                                                          )
       **Debtor.**      )
                                                          )
                                                          )
_____                               )

## AFFIDAVIT

STATE OF _____Texas_____

COUNTY OF _____Travis_____

    Affiant, ___*Rigoberto Corona*_____, being first duly
sworn according to the law, deposes and says the following:

1. I am employed as a _____Assistant Secretary_____ for Compu-link
   Corporation d/b/a Celink as attorney in fact for Bank of New York Mellon Trust
   Company, N.A. as Trustee for Mortgage Assets Management Series 1 Trust. I have
   personal knowledge of the facts set forth herein and I make this Affidavit for use in
   connection with a Motion for Relief from Stay (DE #69) filed by Movant, on or about
   August 1, 2017, and the Agreed Order Denying Motion For Relief From Stay and
   Granting Adequate Protection (DE #86) ("Order") of this Court on December 14, 2017.

2. I hereby confirm that Debtor, Zoilita J Garcia, has failed to comply with the Court's
   Order dated December 14, 2017.

3. Debtor has failed to pay for and maintain hazard and flood insurance.

4. Debtor remains in default on her post-petition payments to Secured Creditor in the

amount of $3,544.00.

5.  Secured Creditor provided a Notice of Default to Debtor and/or Debtor's attorney on

April 9, 2019.  A copy of said Notice of Default is annexed hereto and made a part hereof

as Exhibit "A".

6.  Debtor has failed to cure this default.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of

the United States of America that the foregoing is true and correct.


Executed this _____ day of _____SEP 2 0 2019_____, _____.


_____
Signature

Print Name: _Rigoberto Corona_
Title: ___Assistant Secretary___
Sworn to and signed before me
This _____ day of ___SEP 2 0 2019___, 2018. 201~~~ 
_____  Elizabeth Birk
Notary Public
My Commission Expires: _02/06/2022_

ELIZABETH BIRK
Notary ID #131438568
My Commission Expires
February 6, 2022

**EXHIBIT**

| Loan Number | ▮▮▮▮▮▮ | | |
|---|---|---|---|
| Borrower Name | Zoilita Garcia | | |
| Post Petition Default | 1/28/2019 | | |

# Post Petition Default

| Insurance Defaults | | | |
|---|---|---|---|
| **Date of Payment** | **Insurance Type** | **Coverage Periods** | **Amount** |
| 1/28/2019 | Hazard | 10/16/2018-10/16/2019 | **$3,880.00** |
| 2/7/2019 | Flood | 11/09/2018-11/09/2019 | **$3,012.00** |
| | | | **$0.00** |
| | | **Insurance Default Subtotal:** | **$6,892.00** |
| **Insurance Refunds** | | | |
| **Date of Payment** | **Insurance Type** | **Refund Periods** | **Amount** |
| 4/23/2019 | Hazard | 12/5/2018-10/16/2019 | **($3,348.00)** |
| | | **Insurance Refund Subtotal:** | **($3,348.00)** |
| **Insurance Default Current Amount Due FF** | | | |
| | | **Insurance Default Subtotal:** | **$6,892.00** |
| | | **Insurance Refund Subtotal:** | **($3,348.00)** |
| | | **Insurance Default Current Amount Due FF:** | **$3,544.00** |
| **Tax Defaults** | | | |
| **Date of Payment** | **Tax Office** | **Tax Type** | **Amount** |
| | | | **$0.00** |
| | | | **$0.00** |
| | | | **$0.00** |
| | | | **$0.00** |
| | | **Tax Default Subtotal:** | **$0.00** |
| **Tax Refunds** | | | |
| **Date of Payment** | **Tax Office** | **Tax Type** | **Amount** |
| N/A | N/A | N/A | **$0.00** |
| | | **Tax Refund Subtotal:** | **$0.00** |
| **Tax Default Current Amount Due FF** | | | |
| | | **Tax Default Subtotal:** | **$0.00** |
| | | **Tax Refund Subtotal:** | **$0.00** |
| | | **Tax Default Current Amount Due FF:** | **$0.00** |
| **Payments from Borrower** | | | |
| **Date of Payment** | **Payment Received From** | | **Amount** |
| N/A | N/A | | **$0.00** |
| | **Total Payments Received** | | **$0.00** |
| **Summary** | | | |
| | | **LOC Balance:** | **$0.00** |
| | | **Insurance Default Amount Due FF:** | **$3,544.00** |
| | | **Tax Default Amount Due FF:** | **$0.00** |
| | | **Total Payments Received:** | **$0.00** |
| | | **Current Balance Owed FF:** | **$3,544.00** |

This is a communication from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. However, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy cas



| James Robertson, Esquire | Everett Anschutz, Esquire | David J. Schneid, Esquire |
|---|---|---|
| Member of Texas Bar | Member of Texas Bar | Member of Florida Bar |

February 27, 2019

Zoilita J Garcia
675 NE 135 Street
Miami, FL 33161

Ricardo Corona, Esq.
3899 NW 7 St, Second Floor
Miami, FL 33126

SENT TO DEBTOR'S ATTORNEY VIA EMAIL

RE: Notice of Default for Zoilita J Garcia
Case No: 15-29592-RAM

Dear Sir/Madam,

I represent CIT BANK, N.A. Please consider this letter as a Notice of Default under the terms of the Agreed Order Denying Motion For Relief From Stay and Granting Adequate Protection (DE #86) ("Agreed Order").

According to CIT BANK, N.A, the Debtor has not maintained Hazard Insurance and is delinquent on the following payments pursuant to the Agreed Order.  Pursuant to the Agreed Order, entered on December 14, 2017, CIT BANK, N.A, hereby provides notice demanding the default be cured within seventy-two (72) hours of the date of this notice.

The breakdown of the Debtors' default is as follows:
Payments Due:

| | |
|---|---|
| Hazard Insurance Disbursement made 01/28/2019 | $3,012.00 |
| Flood Insurance Disbursement made  02/07/2019 | $3,880.00 |
| **Total Amount Due to Cure Default:** | **$6,892.00** |

The address where payments should be sent is:

CIT Bank, N.A.
PO Box 85101
Austin, Texas 78708

Pursuant to the Agreed Order, failure to cure this default within seventy-two (72) hours from the date of this notice will result in CIT BANK, N.A filing an Affidavit of Default and Order Lifting the Automatic Stay.

Please notify me once the payment has been sent, and please provide me with proof of the payment as well. Should you have any further questions, please feel free to contact me.

Sincerely,

*/s/  Nathalie Rodriguez*

Nathalie Rodriguez, Esquire
Attorney for Secured Creditor
Robertson, Anschutz & Schneid, P.L.
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487
Email: nrodriguez@rasflaw.com



**ORDERED in the Southern District of Florida on December 13, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                      CASE NO.: 15-29592-RAM
                                            CHAPTER 13
**Zoilita J. Garcia,**

Debtor.

_____/

### AGREED ORDER DENYING STAY RELIEF MOTION AND
### GRANTING ADEQUATE PROTECTION

THIS CASE came on consideration on December 12, 2017 on CIT BANK, N.A.'s

("Secured Creditor") Motion for Relief from Automatic Stay (Docket No. #69). The parties having

agreed and the Court being advised. Accordingly, it is:

**ORDERED**:

1.      Secured Creditor's Motion for Relief from Automatic Stay is denied.

2.      The Secured Creditor shall remain subject to the terms of the automatic stay imposed

under 11 U.S.C § 362 as to its interest in the real property located at **75 NE 135th St., North**

**Miami, FL 33161** ("Subject Property") in Miami-Dade County, Florida, and legally described as:

**The East 40 feet of Lot 25 and the West 20 feet of Lot 26 in Block 51, of IRONS MANOR**
**HIGH PINES ADDITION SECTION "A" as Recorded in Plat Book 23, at Page 80, of the**
**Public Records of Miami-Dade County, Florida.**

3.   The Debtor is in arrears on his post-petition payments to Secured Creditor in the amount of $7,899.15. Debtor shall file a Modified Plan to include the post-petition default of $7,899.15.

4.   The Debtor shall make all property tax payments as they become due and maintain insurance coverage on real property. Debtor shall provide proof insurance prior to the expiration of the current policy.

5.   In the event of Default, an order lifting the automatic stay shall be entered without further hearing upon submission of an appropriate proposed order lifting the automatic stay, and Secured Creditor's filing of an Affidavit of Default, stating a default has occurred and Debtor's counsel was provided with notice via telephone or email allowing Debtor seventy-two (72) hours to cure the stated default.

6.   The failure by the Secured Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Secured Creditor's rights hereunder.

7.   In the event the Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, then Debtor shall pay all pre-petition and post-petition arrears within 10 days from the date the case is converted. If Debtor fails to make payments in accordance with this paragraph then Secured Creditor, through Counsel, may file a certification setting forth said failure and the Secured Creditor shall be granted immediate relief from the automatic stay

###

Submitted By:
Bouavone Amphone, Esq.
Robertson, Anschutz & Schneid, P.L.
Attorney for Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487

Bouavone Amphone, Esq. is directed to serve copies of this order on the parties listed and file a certificate of service.

Zoilita J. Garcia
675 NE 135 Street
Miami, FL 33161

Ricardo Corona, Esq.
3899 NW 7 Street, Second Floor
Miami, FL 33126

Nancy K. Neidich
P.O. Box 279806
Miramar, FL 33027

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:                                                    CASE NO.: 15-29592-RAM
                                                          CHAPTER 13

**Zoilita J. Garcia,**

     **Debtor,**

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

CIT BANK, N.A. ("Secured Creditor"),  by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(S), Zoilita J. Garcia, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on November 4, 2015.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On September 28, 2007, Debtor(s) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note up to the maximum principal amount of $427,500.00 to FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A SUBSIDIARY OF INDYMAC BANK, F.S.B. The Mortgage was recorded on October 17, 2007 in Book 25993 at Page 0753 of the Public Records of Miami-Dade County, Florida.  The loan was transferred to Secured Creditor by merger. True and accurate copies of documents establishing a perfected security interest and ability

15-29592-RAM
14-65410
MFR

to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The mortgage provides Secured Creditor a lien on the real property located in Miami-Dade County, Florida, and legally described as follows:

> The East 40 feet of Lot 25 and the West 20 feet of Lot 26 in Block 51, of IRONS MANOR HIGH PINES ADDITION SECTION "A" as Recorded in Plat Book 23, at Page 80, of the Public Records of Miami-Dade County, Florida.

This property is located at the street address of: 675 NE 135th St., North Miami, FL 33161.

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since March 9, 2015. See Secured Creditor's statement in regard to indebtedness and default, attached hereto and incorporated herein as Exhibit "B."

6. As per the Indebtedness Worksheet attached hereto, Secured Creditor is due the pre-petition amount of $36,067.95 and the post-petition amount of $10,529.38, as of May 2, 2017. See Exhibit "C" attached hereto. The post-petition payment address is: PO Box 85101, Austin, TX 78708.

7. The appraised value of the property is $147,440.00. See Exhibit **"D"** which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

8. Based upon the Debtor(s)' Chapter 13 Plan (Docket No.13), the property is listed in the

plan, and the Debtor is curing the arrears.

9. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

10. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

12. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

13. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving

15-29592-RAM
14-65410
MFR

and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

14. A Proposed Order accompanies this Motion. See Exhibit "E" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

**I HEREBY CERTIFY** that on August 1, 2017, I electronically filed the foregoing with the Clerk

of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF

or United States Mail to the following parties:

*Debtor*                                              represented by   **Ricardo Corona, Esq.**
**Zoilita J Garcia**                                                   3899 NW 7 St, Second Floor
675 NE 135 Street                                                      Miami, FL 33126
Miami, FL 33161
MIAMI-DADE-FL


*Trustee*
**Nancy K. Neidich**
POB 279806
Miramar, FL 33027


*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130


ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969
By: /s/_Vanessa D. Torres_____
Vanessa D. Torres, Esquire
Florida Bar Number  93113
Email: vdtorres@rasflaw.com

15-29592-RAM
14-65410
MFR

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:                                                    CASE NO.: 15-29592 -RAM
                                                          CHAPTER 13

   Zoilita J Garcia,

      Debtor.

_____/

## INDEBTEDNESS WORKSHEET

**Debt as of Petition Date**

   Total pre-petiton indebtedness of debtor(s) to Movant **$290,070.22**

   **Amount of principal: $243,062.70**

   **Amount of interest: $31,056.02**

   **Amount of escrow (taxes and insurance): $0.00**

   **Amount of forced placed insurance expended by Movant: $0.00**

   **Amount of attorneys' fees and costs billed to debtor(s) pre-petition: $0.00**

   **Amount of pre-petition late fees, if any, billed to debtor(s): $0.00**

   **Any additional pre-petition fees, charges or amounts charged to debtor account and**

   **not listed above: $10,524.77 (MIP/PMI); $4,025.00 (Monthly Service Fee); $112.00**

   **(Corporate Advances); $11,434.02 (Servicing Advances); $10,144.29**

   **(Credit/Prepayments)**

   Contractual Interest Rate:  1.34%

## Amount of Alleged Post-Petition Default
### (As of May 2, 2017)

**Date last payment was received: (This is a reverse mortgage)**

**Alleged total number of payment due post-petition from filing of petition through due on May 2, 2017:**  __n/a__

**All post-petition payments alleged to be in default:**

| Alleged Amount Due Date | Alleged Amount Due | Amount Received | Amount Applied to Principal | Amount Applied to Interest | Amount Applied to Escrow | Late Fee Charged (if any) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| Total: | $0.00 | $0 | $0 | $0 | $0 | $0 |

**Amount of movant's attorney's fees billed to debtor for the preparation and filing and prosecution of this motion**: $850.00

**Amount of movant's filing fee for this motion:** $181.00

**Other attorney's fees billed to debtor post-petition: $0.00**

**Amount of post-petition inspection fees:** $0.00

**Amount of movant's post-petition appraisal broker's price opinion:** $0.00

**Amount of forced place insurance or insurance provided by the movant post-petition:** $10,529.38

**Sum held in suspense by movant in connection with this contract, if applicable:** $0.00

**Amount of other post-petition advances or charges, for example, taxes, insurance incurred by debtor, etc. (itemize each charge):** $0.00

**Total post-petition debt: $11,560.38**

**Composite Exhibit "A"**

## ADJUSTABLE RATE NOTE
## (HOME EQUITY CONVERSION)

FHA Case No.  095-0425953-952/255

**SEPTEMBER 28, 2007**

**675 NE 135TH ST, NORTH MIAMI, FLORIDA 33161**

[Property Address]

### 1. DEFINITIONS

"Borrower" means each person signing at the end of this Note. "Lender" means
**FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A SUBSIDIARY OF INDY MAC BANK, F.S.B.**

and its successors and assigns. "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

### 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated **SEPTEMBER 28, 2007**   ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advanced by Lender, plus interest, if not due earlier, are due and payable on **SEPTEMBER 18**   , **2085**   . Interest will be charged on unpaid principal at the rate of **FIVE AND 110/1000**   percent (   **5.1100** %) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

**(A) Time**

Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment in full, as provided in Paragraph 7 of this Note.

**(B) Place**

Payment shall be made at  **FINANCIAL FREEDOM SENIOR FUNDING CORPORATION,**

**500 NORTH RIDGE ROAD STE. 500**
**ATLANTA, GEORGIA 30350**

, or any such other place as Lender may designate in writing by notice to Borrower.

**(C) Limitation of Liability**

Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

### 5. INTEREST RATE CHANGES

**(A) Change Date**

The interest rate may change on the first day of  **DECEMBER, 2007**   , and on ☐ that day of each succeeding year ☒  the first day of each succeeding month. "Change Date" means each date on which the interest rate could change.

**(B) The Index**

Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. "Current Index" means the most recent Index figure available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

**(C) Calculation of Interest Rate Changes**

Before each Change Date, Lender will calculate a new interest rate by adding a margin of  **ONE AND 000/1000** percentage points (   **1.00000** %) to the Current Index. Subject to the limits stated in Paragraph 5(D) of this Note, this amount will be the new interest rate until the next Change Date.

**(D) Limits on Interest Rate Changes**

☐  The interest rate will never increase or decrease by more than two percentage points (2.0%) on any single Change Date. The interest rate will never be more than five percentage points (5.0%) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.

☒ The interest rate will never increase above  **FIFTEEN AND 110/1000**   percent (   **15.11000** %).

**(E) Notice of Changes**

Lender will give notice to Borrower of any change in the interest rate. The notice must be given at least 25 days before the new interest rate takes effect, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the Current Index and the date it was published, (vi) the method of calculating the adjusted interest rate, and (vii) any other information which may be required by law from time to time.

LN63 : 07/07



**(F) Effective Date of Changes**

A new interest rate calculated in accordance with paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date, unless the Change Date occurs less than 25 days after Lender has given the required notice. If the interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note decreased, but Lender failed to give timely notice of the decrease and applied a higher rate than the rate which should have been stated in a timely notice, then Lender shall recalculate the principal balance owed under this Note so it does not reflect any excessive interest.

## 6. BORROWER'S RIGHT TO PREPAY

A Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 11 of this Note and then to reduce the principal balance of this Note.

All prepayments of the principal balance shall be applied by Lender as follows:

First, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

Second, to that portion of the principal balance representing aggregate payments for servicing fees;

Third, to that portion of the principal balance representing accrued interest due under the Note; and

Fourth, to the remaining portion of the principal balance. A Borrower may specify whether a prepayment is to be credited to that portion of the principal balance representing monthly payments or the line of credit. If Borrower does not designate which portion of the principal balance is to be prepaid, Lender shall apply any partial prepayments to an existing line of credit or create a new line of credit.

## 7. IMMEDIATE PAYMENT IN FULL

**(A) Death or Sale**

Lender may require immediate payment in full of all outstanding principal and accrued interest if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or

(ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property).

**(B) Other Grounds**

Lender may require immediate payment in full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

(ii) For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under the Security Instrument is not performed.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorney's fees, associated with enforcement of this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**(D) Trusts**

Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

## 8. WAIVERS

Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 9. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to the Secretary under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 10. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

## 11. RELATIONSHIP TO SECOND NOTE

**(A) Second Note**

Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

**(B) Relationship of Secretary Payments to this Note**

Payments made by the Secretary shall be included in the debt due under this Note unless:

(i) This Note is assigned to the Secretary; or

(ii) The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

**(C) Effect on Borrower**

Where there is no assignment or reimbursement as described in (B)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under this Note until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note held by Secretary, notwithstanding anything to the contrary in Paragraph 7 of this Note; or

(ii) Be obligated to pay interest under this Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance of this Note, notwithstanding anything to the contrary in Paragraph 2 or 5 of this Note or any Allonge to this Note.

**12. Documentary Stamp Tax**

Florida documentary stamp tax in the amount required by law has been paid in connection with the recording of the mortgage in favor of Lender securing the indebtedness evidenced by this Note. If future advances are made under the Loan Agreement and this Note, documentary stamp tax will be paid directly to the Florida Department of Revenue in the amount required by law. Certificate of Registration No._____.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
ZOILITA J GARCIA                                                                                                - Borrower

_____ (Seal)
- Borrower

_____ (Seal)
- Borrower

_____ (Seal)
- Borrower

_____ (Seal)
- Borrower

_____ (Seal)
- Borrower

PAY TO THE ORDER OF
_____ (Seal)
- Borrower

WITHOUT RECOURSE

Financial Freedom Senior Funding Corporation,
A Subsidiary of IndyMac Bank, F.S.B.



_____ (Seal)
Brenda Phillips, Vice President                                                         - Borrower

CFN 2007R1009383
OR Bk 25993 Pgs 0753 - 760; (8pgs)
RECORDED 10/17/2007 10:29:05
MTG DOC TAX 1,496.25
INTANG TAX 855.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Record and Return to:
**FINANCIAL FREEDOM SENIOR FUNDING CORPORATION ,**
**A SUBSIDIARY OF INDYMAC BANK, F.S.B.**
**500 NORTH RIDGE ROAD STE. 500**
**ATLANTA, GEORGIA 30350**

This document prepared by:
**FINANCIAL FREEDOM SENIOR FUNDING CORPORATION ,**
**A SUBSIDIARY OF INDYMAC BANK, F.S.B.**
**500 NORTH RIDGE ROAD STE. 500**
**ATLANTA, GEORGIA 30350**

---

[Space Above This Line For Recording Data]

---

**State of Florida**                                FHA Case No. **095-0425953-952/255**

# ADJUSTABLE RATE
# HOME EQUITY CONVERSION MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **SEPTEMBER 28, 2007** . The mortgagor is
**ZOILITA J. GARCIA, A SINGLE WOMAN**

whose address is **675 NE 135TH ST,**
**NORTH MIAMI, FLORIDA 33161**                                                ("Borrower").
This Security Instrument is given to
**FINANCIAL FREEDOM SENIOR FUNDING CORPORATION , A SUBSIDIARY OF INDYMAC**
**BANK, F.S.B.**                                                           , which is
organized and existing under the laws of **THE STATE OF DELAWARE**        , and whose address is
**500 NORTH RIDGE ROAD STE. 500, ATLANTA, GEORGIA 30350**
                        ("Lender").  Borrower has agreed to repay to Lender
amounts which Lender is obligated to advance, including future advances, under the terms of a Home
Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement").
The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument
("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note,
with interest at a rate subject to adjustment, and all renewals, extensions and modifications of the Note, up
to a maximum principal amount of
**FOUR HUNDRED TWENTY SEVEN THOUSAND FIVE HUNDRED AND 00/100 - - - - - - - - - - - - -**
**- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -**
(U.S. $    **427,500.00**        ); (b) the payment of all other sums, with interest, advanced under Paragraph
5 to protect the security of this Security Instrument or otherwise due under the terms of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under this Security
Instrument and the Note. The full debt, including amounts described in (a), (b), and (c) above, if not paid
earlier, is due and payable on **SEPTEMBER 18**    , **2085**    . For this purpose, Borrower does hereby
mortgage, grant and convey to Lender the following described property located in **MIAMI-DADE**
County, Florida:

SF46 : 12/06                          Page 1





1st Security Instrument  - Recorded

**SEE ATTACHED LEGAL DESCRIPTION**

**The East 40 feet of Lot 25 and the West 20 feet of Lot 26 in Block 51, of IRONS MANOR HIGH PINES ADDITION SECTION "A" as Recorded in Plat Book 23, at Page 80, of the Public Records of Miami-Dade County, Florida.**

which has the address of   **675 NE 135TH ST**                                                                                    ,
                                                              [Street]

**NORTH MIAMI**                        ,   **FLORIDA**                    **33161**          ("Property Address");
          [City]                                    [State]                        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

**2. Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

**3. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and to Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be

00XA : 02/02                                    Page 2

lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**4. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument, and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**5. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

**6. Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

03XA : 02/02                                     Page 3

ZJ $\overbrace{G}$

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

  **(a) Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if:

    (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

    (ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property).

  **(b) Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

    (i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

    (ii) For a period of longer than twelve (12) consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

    (iii) An obligation of the Borrower under this Security Instrument is not performed.

  **(c) Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in this Paragraph (a) (ii) or (b) occur.

  **(d) Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9 (a) (ii) or (b). Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

    (i) Correct the matter which resulted in the Security Instrument coming due and payable; or

    (ii) Pay the balance in full; or

    (iii) Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

    (iv) Provide the Lender with a deed in lieu of foreclosure.

  **(e) Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

  **(f) Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within **SIXTY DAYS** from the date hereof, if permitted by applicable law Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to **SIXTY DAYS** from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

  **10. No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

  **11. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure

proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

**12. Lien Status.**

**(a) Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the Property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

**(b) Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

**(c) Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**13. Relationship to Second Security Instrument.**

**(a) Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and a Second Security Instrument on the Property.

**(b) Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:

(i) This Security Instrument is assigned to the Secretary; or

(ii) The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the Note.

**(c) Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note; or

(ii) Be obligated to pay interest under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

**(d) No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

**14. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**15. Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

**16. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

**17. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**18. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**19. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

**20. Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

XB77 : 02/02                              Page 6

**21. Lien Priority.**  The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made, regardless of the actual date of any disbursement. The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose. This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priorty of any liens for unpaid State or local governmental unit special assessments or taxes.

**22. Adjustable Rate Feature.**  Under the Note, the initial stated interest rate of    **5.1100** % which accrues on the unpaid principal balance ("Initial Interest Rate") is subject to change, as described below. When the interest rate changes, the new adjusted interest rate will be applied to the total outstanding principal balance. Each adjustment to the interest rate will be based upon the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board in Statistical Release H.15 (519) ("Index") plus a margin.  If the Index is no longer available, Lender will use as a new Index any index prescribed by the Secretary.  Lender will give Borrower notice of the new Index..

Lender will perform the calculations described below to determine the new adjusted interest rate. The interest rate may change on the first day of     **DECEMBER, 2007**    , and on    ☐   that day of each succeeding year ☒ the first day of each succeeding month ("Change Date") until the loan is repaid in full.

The value of the Index will be determined, using the most recent Index figure available thirty (30) days before the Change Date ("Current Index"). Before each Change Date, the new interest rate will be calculated by adding a margin to the Current Index. The sum of the margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date. The Calculated Interest Rate will be compared to the interest rate in effect immediately prior to the current Change Date (the "Existing Interest Rate").

☐   (Annually Adjusting Variable Rate Feature) The Calculated Interest Rate cannot be more than 2.0% higher or lower than the Existing Interest Rate, nor can it be more than 5.0% higher or lower than the Initial Interest Rate.

☒   (Monthly Adjusting Variable Rate Feature) The Calculated Interest Rate will never increase above **FIFTEEN AND 110/1000**            percent (       **15.11000** %).

The Calculated Interest Rate will be adjusted if necessary to comply with these rate limitation(s) and will be in effect until the next Change Date. At any Change Date, if the Calculated Interest Rate equals the Existing Interest Rate, the interest rate will not change.

**23. Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower.  Borrower shall pay any recordation costs.

**24. Compound Interest.**  At the end of each month, accrued interest shall be added to and made a part of the principal balance as a Loan Advance and shall likewise thereafter bear interest.

**25. Attorneys' Fees.**  As used in this Security Instrument and the Note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court.

XB78 : 02/02                          Page 7

**26. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

☐ Condominium Rider     ☐ Shared Appreciation Rider     ☐ Planned Unit Development Rider
☐ Other (Specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____     _____ (Seal)
MARIE S. SLINGER       ZOILITA J GARCIA          -Borrower

_____     _____ (Seal)
Bessy Perez                                -Borrower

_____ [Space Below This Line For Acknowledgment] _____

STATE OF FLORIDA         ,   MIAMI-DADE      COUNTY SS:

The foregoing instrument was acknowledged before me this **28TH** day of **SEPTEMBER, 2007** , by **ZOILITA J GARCIA**

who is personally known to me or; who has produced
as identification and who did (did not) take an oath.

_____
Notary Public

Name: _____

```
┌─────────────────────────────────────┐
│  NOTARY PUBLIC   Notary Public State of Florida │
│                  Mark S Schechner    │
│                  My Commission DD537318 │
│  STATE OF FLORIDA  Expires 06/27/2010 │
└─────────────────────────────────────┘
```

XB79 : 08/97                   Page 8

CFN: 20090708275 BOOK 27031 PAGE 3615
DATE:09/30/2009 04:04:56 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

When Recorded Return To:
Financial Freedom
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

Loan #:
**Effective Date: 05/01/2009**

### ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, WHOSE ADDRESS IS 190 TECHNOLOGY PARKWAY SUITE 100 , NORCROSS, GA 30092** by these presents does convey, grant, sell, assign, transfer and set over the described mortgage together with the certain note(s) described therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), A DELAWARE CORPORATION, ITS SUCCESSORS OR ASSIGNS, AS NOMINEE FOR FINANCIAL FREEDOM ACQUISITION LLC, P.O. BOX 2026, FLINT, MI 48501-2026, (ASSIGNEE)**
Said Mortgage was made by **ZOILITA J GARCIA** and was recorded in Official Records of the Clerk of the Circuit Court of DADE County, Florida, in Book 25993, Page 753 or Instr #

upon the property situated in said State and County as more fully described in said mortgage.

THE FOREGOING ASSIGNMENT IS MADE WITHOUT RECOURSE, REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, BY FINANCIAL FREEDOM SENIOR FUNDING CORPORATION.
**Dated: 09/29/2009**
**FINANCIAL FREEDOM SENIOR FUNDING CORPORATION**



CRYSTAL MOORE   VICE PRESIDENT

Whose address is: 190 TECHNOLOGY PARKWAY SUITE 100,  NORCROSS, GA 30092

STATE OF FLORIDA
COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me THIS 29TH DAY OF SEPTEMBER IN THE YEAR 2009 by CRYSTAL MOORE, personally known to me to be the VICE PRESIDENT of FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, a corporation, on behalf of the corporation.

Christopher Jones  Notary Public
Comm. Expires: Aug 3, 2012

CHRISTOPHER JONES
Notary Public - State of Florida
My Comm. Expires Aug 3, 2012
Commission # 00 811078
Bonded Through National Notary Assn.

**Document Prepared By:**
**Jessica Fretwell/NTC,2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
FFSAM 10371326  MIN                        MERS PHONE 1-888-679-MERS  form5/BFRMFL1

*10371326*



14.65410\429\ahandson



CFN 2014R0366288
OR Bk 29160 Pgs 2993 - 2995; (3pgs)
RECORDED 05/21/2014 10:54:46
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Prepared by, Recording Requested By and Return to:
John Heywood
Financial Freedom
2900 Esperanza Crossing
Austin, TX 78758
Assignments DM-01-01
Loan: ███████

# ASSIGNMENT OF MORTGAGE

Min: ███████████        MERS Phone: 1-888-679-6377

FHA Case Number: **0950425953**

***FOR VALUE RECEIVED***, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, whose address is P.O. Box 2026, Flint, MI 48501-2026, **AS NOMINEE FOR FINANCIAL FREEDOM ACQUISITION LLC, ITS SUCCESSORS AND ASSIGNS**, does hereby assign and transfer to **ONEWEST BANK N.A., ITS SUCCESSORS AND ASSIGNS**, forever and without recourse, whose address is 2900 Esperanza Crossing, Austin, TX 78758, all its right, title and interest in and to a certain Mortgage from **ZOILITA J, GARCIA, A SINGLE WOMAN** to **FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A SUBSIDIARY OF INDYMAC BANK, F.S.B.** for **$427,500.00**, dated **9/28/2007** of record on **10/17/2007** as Document **2007R1009383**, in the **MIAMI-DADE** County Clerk's Office, State of **FLORIDA**.

Property Address: 675 NE 135TH ST, NORTH MIAMI, FLORIDA 33161
Legal Description: SEE LEGAL DESCRIPTION

Executed this ____ APR 16 2014 ____.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FINANCIAL FREEDOM ACQUISITION LLC, ITS SUCCESSORS AND ASSIGNS**

By:    MELINDA LEA DAVIS        Witness: _____
Title:   ASSISTANT SECRETARY        Witness: _____

STATE OF TEXAS

COUNTY OF TRAVIS

This instrument was acknowledged before me on __APR 16 2014__ by MELINDA LEA DAVIS the ASSISTANT SECRETARY of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., A DELAWARE CORPORATION, AS NOMINEE FOR FINANCIAL FREEDOM ACQUISITION LLC, ITS SUCCESSORS AND ASSIGNS on behalf of said corporation.


_Christine Fuller_
Notary Public in and for the State of Texas
Notary's Printed Name: CHRISTINE FULLER
My Commission Expires: __SEP 1 9 2017__

CHRISTINE FULLER
My Commission Expires
September 19, 2017

Mortgage for $427,500.00 dated 9/28/2007

LEGAL DESCRIPTION

**The East 40 feet of Lot 25 and the West 20 feet of Lot 26 in Block 51, of IRONS MANOR HIGH PINES ADDITION SECTION "A" as Recorded in Plat Book 23, at Page 80, of the Public Records of Miami-Dade County, Florida.**

Exhibit "B"

**Exhibit "C"**



PEDRO J. GARCIA
MIAMI-DADE PROPERTY APPRAISER

Address    Owner Name    Folio

# SEARCH:

| 675 NE 135TH ST 33161 | Suite | 🔍 |

Back to Search Results

## PROPERTY INFORMATION

**Folio:** 06-2219-007-0380

**Sub-Division:**
IRONS MANOR HIGH PINE ADDN SEC A

**Property Address**
675 NE 135 ST
North Miami, FL  33161-7518

**Owner**
ZOILITA J GARCIA

**Mailing Address**
675 NE 135 ST
NO MIAMI, FL 33161-7518

**Primary Zone**
0400 SGL FAMILY - 901-1200 SQF

**Primary Land Use**
0101 RESIDENTIAL - SINGLE FAMILY : 1 UNIT

| **Beds / Baths / Half** | 3 / 2 / 0 |
|---|---|
| **Floors** | 1 |
| **Living Units** | 1 |

Case 15-29592-RAM    Doc 192    Filed 09/21/17    Page 40 of 66

| | |
|---|---|
| **Actual Area** | 1,804 Sq.Ft |
| **Living Area** | 1,644 Sq.Ft |
| **Adjusted Area** | 1,697 Sq.Ft |
| **Lot Size** | 7,800 Sq.Ft |
| **Year Built** | 1965 |



### Featured Online Tools

| | |
|---|---|
| Comparable Sales | Glossary |
| Non-Ad Valorem Assessments | PA Additional Online Tools |

Property Record Cards                    Property Search Help
Property Taxes                           Report Discrepancies
Report Homestead Fraud                   Tax Comparison
Tax Estimator                            TRIM Notice
Value Adjustment Board

## ASSESSMENT INFORMATION

| Year | 2015 | 2014 | 2013 |
|---|---|---|---|
| Land Value | $30,967 | $17,002 | $16,577 |
| Building Value | $89,711 | $88,348 | $78,242 |
| Extra Feature Value | $777 | $788 | $799 |
| Market Value | $121,455 | $106,138 | $95,618 |
| Assessed Value | $97,828 | $97,052 | $95,618 |

## TAXABLE VALUE INFORMATION

| | 2015 | 2014 | 2013 |
|---|---|---|---|
| **COUNTY** | | | |
| Exemption Value | $97,828 | $97,052 | $95,618 |
| Taxable Value | $0 | $0 | $0 |
| **SCHOOL BOARD** | | | |
| Exemption Value | $25,000 | $25,000 | $25,500 |
| Taxable Value | $72,828 | $72,052 | $70,118 |
| **CITY** | | | |
| Exemption Value | $97,828 | $97,052 | $95,618 |
| Taxable Value | $0 | $0 | $0 |
| **REGIONAL** | | | |
| Exemption Value | $50,000 | $50,000 | $50,500 |
| Taxable Value | $47,828 | $47,052 | $45,118 |

## BENEFITS INFORMATION

| Benefit | Type | 2015 | 2014 | 2013 |
|---|---|---|---|---|
| Save Our Homes Cap | Assessment Reduction | $23,627 | $9,086 | |
| Homestead | Exemption | $25,000 | $25,000 | $25,000 |
| Second Homestead | Exemption | $22,828 | $22,052 | $20,118 |

| Senior Homestead | Exemption | $50,000 | $50,000 | $50,000 |
| Widow | Exemption | | | $500 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

## FULL LEGAL DESCRIPTION

IRONS MANOR HIGH PINES ADD SEC A

PB 23-80

E40FT OF LOT 25 & W20FT OF LOT 26

BLK 51

LOT SIZE 60.000 X 130

OR 12404-2729 0285 4

COC 25993-0752 09 2007 4

## SALES INFORMATION

| Previous Sale | Price | OR Book-Page | Qualification Description |
| --- | --- | --- | --- |
| 09/01/2007 | $0 | 25993-0752 | Sales which are disqualified as a result of examination of the deed |

For more information about the Department of Revenue's Sales Qualification Codes.

2015    2014    2013

## LAND INFORMATION

| Land Use | Muni Zone | PA Zone | Unit Type | Units | Calc Value |
| --- | --- | --- | --- | --- | --- |
| GENERAL | R-3 | 0400 - SGL FAMILY - 901-1200 SQF | Front Ft. | 60.00 | $30,967 |

## BUILDING INFORMATION

| Building Number | Sub Area | Year Built | Actual Sq.Ft. | Living Sq.Ft. | Adj Sq.Ft. | Calc Value |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | 1 | 1965 | 1,144 | 984 | 1,037 | $49,563 |
| 1 | 2 | 1991 | 660 | 660 | 660 | $40,148 |

Building Sketches Available!

## EXTRA FEATURES

| Description | Year Built | Units | Calc Value |
| --- | --- | --- | --- |
| Patio - Concrete Slab | 1990 | 196 | $521 |

| Chain-link Fence 4-5 ft high | 1976 | 50 | $256 |

# ADDITIONAL INFORMATION

\* The information listed below is not derived from the Property Appraiser's Office records. It is provided for convenience and is derived from other government agencies.

## LAND USE AND RESTRICTIONS

| | |
|---|---|
| **Community Development District:** | NONE |
| **Community Redevelopment Area:** | NORTH MIAMI |
| **Empowerment Zone:** | NONE |
| **Enterprise Zone:** | NONE |
| **Urban Development:** | INSIDE URBAN DEVELOPMENT BOUNDARY |
| **Zoning Code:** | R-2 - |
| **Existing Land Use:** | 10 - SINGLE-FAMILY, MED.-DENSITY (2-5 DU/GROSS ACRE). |

Government Agencies and Community Services

## OTHER GOVERNMENTAL JURISDICTIONS

Business Incentives

Childrens Trust

City of North Miami

Environmental Considerations

Florida Department Of Revenue

Florida Inland Navigation District

Miami-Dade County Bulletin Board

Non-Ad Valorem Assessments

School Board

South Florida Water Mgmt District

Tax Collector

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

For inquiries and suggestions email us at http://www.miamidade.gov/PAPortal/ContactForm/ContactFormMain.aspx.

Version: 2.0.3

## EXEMPTIONS & BENEFITS

Deployed Military

Disability Exemptions

Homestead

Institutional

Senior Citizens

More >

## REAL ESTATE

40 Yr Building
Re-Certification

Appealing Your Assessment

Defective Drywall

Folio Numbers

Mortgage Fraud

More >

## TANGIBLE PERSONAL PROPERTY

Appealing your Assessment

Assessment Information Search

Exemptions

Extension Requests

Filing Returns

Case 15-29592-RAM    Doc 49-2    Filed 09/21/19    Page 45 of 66

More >

## PUBLIC RECORDS

Address Blocking

Change of Name

Change of Address

Change of Ownership & Title

Declaration of Condominium

More >

## ONLINE TOOLS

Property Search

Property Sales

Tax Estimator

Tax Comparison

Homestead Exemption and Portability

More >

## TAX ROLL ADMINISTRATION

Appealing your Assessment

Reports

More >

Exhibit "D"

Supporting Documents

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**
☐ ___ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ ___ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: **Zoilita J Garcia**          JOINT DEBTOR: _____          CASE NO.: **15-29592**

Last Four Digits of SS# **xxx-xx-3106**     Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of **60** months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to the creditors pro-rata under the plan:

A.   $   **630.82**   for months   **1**   to   **10**   ;
B.   $   **555.63**   for months   **11**   to   **60**   ;
C.   $ _____ for months _____ to _____ ; in order to pay the following creditors:

Administrative:   Attorney's Fee -   $   **3,500.00**   TOTAL PAID $   **2,000.00**
                  Balance Due   $   **1,500.00**   payable $   **150.00**   /month   (Months   **1**   to   **10**   )

Secured Creditors: [Retain Liens pursuant to 11 USC § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

**OneWest Bank**          Arrearage on Petition Date  $   **25,063.36**
          **2900 Esperanza Crossing**
Address:  **Austin, TX 78758**     Arrears Payment  $   **417.73**   /month   (Months **1** to **60** )
Account No:  **xxxxxxx5113**     Regular Payment  $ _____ /month   (Months _ to _)

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED.  A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Priority Creditors: [as defined in 11 U.S.C. §507]
**-NONE-**          Total Due   $ _____
          Payable   $ _____ /month   (Months _ to _ )   Regular Payment $ _____

Unsecured Creditors:  Pay $ **82.33**/month (Months **11** to **60** ).
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:

**Rejected Contracts and/or Leases**
**-NONE-**

**Assumed Contracts and/or Leases**
**-NONE-**

**The Debtors will modify the plan to increase the amounts to be paid to provide for a 100% payment of all allowed unsecured claims.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

**/s/ Zoilita J Garcia**
**Zoilita J Garcia**
Debtor

Date:  **November 13, 2015**

LF-31 (rev. 01/08/10)

**Loan Transaction Details**

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|
| As of Date : | 05/02/2017 | Status : | Matured-In Foreclosure | Property Address : | 675 NE 135TH ST, NORTH MIAMI, FL, 33161 |

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 10/01/2007 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 10/04/2007 | Origination Fee | Initial Advance Detail | $5,700.00 |
| 10/04/2007 | Mortgage Insurance Premium | Initial Advance Detail | $5,700.00 |
| 10/04/2007 | Settlement Costs | Initial Advance Detail | $10,032.25 |
| 10/04/2007 | Initial Advance | Initial Advance Detail | $57,103.12 |
| 10/31/2007 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $29.05 |
| 10/31/2007 | Monthly Interest | Monthly Accrued Interest Charge | $296.86 |
| 11/01/2007 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/30/2007 | Monthly Interest | Monthly Accrued Interest Charge | $335.97 |
| 11/30/2007 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $32.87 |
| 12/01/2007 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/07/2007 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $16,012.50 |
| 12/31/2007 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $33.05 |
| 12/31/2007 | Monthly Interest | Monthly Accrued Interest Charge | $328.43 |
| 12/31/2007 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $5.26 |
| 12/31/2007 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $52.33 |
| 01/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/14/2008 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $25,000.00 |
| 01/31/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $39.90 |
| 01/31/2008 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $50.07 |
| 01/31/2008 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $5.82 |
| 01/31/2008 | Monthly Interest | Monthly Accrued Interest Charge | $343.16 |
| 02/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/29/2008 | Monthly Interest | Monthly Accrued Interest Charge | $446.57 |
| 02/29/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $50.52 |
| 03/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/31/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $50.74 |
| 03/31/2008 | Monthly Interest | Monthly Accrued Interest Charge | $335.89 |
| 04/01/2008 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $7,000.00 |
| 04/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/30/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $50.92 |
| 04/30/2008 | Monthly Interest | Monthly Accrued Interest Charge | $315.67 |
| 04/30/2008 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $2.78 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 04/30/2008 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $17.24 |
| 05/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/31/2008 | Monthly Interest | Monthly Accrued Interest Charge | $280.83 |
| 05/31/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $54.01 |
| 06/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 06/12/2008 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $9,000.00 |
| 06/30/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $54.16 |
| 06/30/2008 | Monthly Interest | Monthly Accrued Interest Charge | $311.97 |
| 06/30/2008 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $12.78 |
| 06/30/2008 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $2.22 |
| 07/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 07/31/2008 | Monthly Interest | Monthly Accrued Interest Charge | $358.96 |
| 07/31/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $58.08 |
| 08/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 08/26/2008 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $11,000.00 |
| 08/31/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $58.28 |
| 08/31/2008 | Monthly Interest | Monthly Accrued Interest Charge | $403.25 |
| 08/31/2008 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.75 |
| 08/31/2008 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $5.21 |
| 09/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 09/30/2008 | Monthly Interest | Monthly Accrued Interest Charge | $420.01 |
| 09/30/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $63.07 |
| 10/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 10/27/2008 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $18,000.00 |
| 10/31/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $63.28 |
| 10/31/2008 | Monthly Interest | Monthly Accrued Interest Charge | $394.88 |
| 10/31/2008 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $6.15 |
| 10/31/2008 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.99 |
| 11/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/30/2008 | Monthly Interest | Monthly Accrued Interest Charge | $418.84 |
| 11/30/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $70.99 |
| 12/01/2008 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/31/2008 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $71.21 |
| 12/31/2008 | Monthly Interest | Monthly Accrued Interest Charge | $378.83 |
| 01/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/31/2009 | Monthly Interest | Monthly Accrued Interest Charge | $275.64 |
| 01/31/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $71.41 |
| 02/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/28/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $71.57 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 02/28/2009 | Monthly Interest | Monthly Accrued Interest Charge | $200.39 |
| 03/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/06/2009 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $10,000.00 |
| 03/31/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $71.70 |
| 03/31/2009 | Monthly Interest | Monthly Accrued Interest Charge | $205.06 |
| 03/31/2009 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $3.42 |
| 03/31/2009 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $9.79 |
| 04/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/22/2009 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $5,000.00 |
| 04/30/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $76.00 |
| 04/30/2009 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $1.88 |
| 04/30/2009 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.55 |
| 04/30/2009 | Monthly Interest | Monthly Accrued Interest Charge | $261.44 |
| 05/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/31/2009 | Monthly Interest | Monthly Accrued Interest Charge | $248.80 |
| 05/31/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $78.24 |
| 06/01/2009 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $5,000.00 |
| 06/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 06/30/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $78.39 |
| 06/30/2009 | Monthly Interest | Monthly Accrued Interest Charge | $238.30 |
| 06/30/2009 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $1.99 |
| 06/30/2009 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $6.04 |
| 07/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 07/16/2009 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $3,500.00 |
| 07/31/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $80.62 |
| 07/31/2009 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $2.14 |
| 07/31/2009 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.72 |
| 07/31/2009 | Monthly Interest | Monthly Accrued Interest Charge | $240.26 |
| 08/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 08/31/2009 | Monthly Interest | Monthly Accrued Interest Charge | $243.40 |
| 08/31/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $82.23 |
| 09/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 09/14/2009 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $2,812.50 |
| 09/30/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $82.38 |
| 09/30/2009 | Monthly Interest | Monthly Accrued Interest Charge | $242.20 |
| 09/30/2009 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.62 |
| 09/30/2009 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $1.81 |
| 10/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 10/28/2009 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $2,000.00 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 10/31/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $83.71 |
| 10/31/2009 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.24 |
| 10/31/2009 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.08 |
| 10/31/2009 | Monthly Interest | Monthly Accrued Interest Charge | $242.74 |
| 11/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/30/2009 | Monthly Interest | Monthly Accrued Interest Charge | $238.82 |
| 11/30/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $84.69 |
| 12/01/2009 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/31/2009 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $84.84 |
| 12/31/2009 | Monthly Interest | Monthly Accrued Interest Charge | $235.85 |
| 01/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/31/2010 | Monthly Interest | Monthly Accrued Interest Charge | $215.86 |
| 01/31/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $84.99 |
| 02/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/28/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $85.13 |
| 02/28/2010 | Monthly Interest | Monthly Accrued Interest Charge | $240.05 |
| 03/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/31/2010 | Monthly Interest | Monthly Accrued Interest Charge | $223.42 |
| 03/31/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $85.28 |
| 04/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/30/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $85.42 |
| 04/30/2010 | Monthly Interest | Monthly Accrued Interest Charge | $228.92 |
| 05/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/31/2010 | Monthly Interest | Monthly Accrued Interest Charge | $243.00 |
| 05/31/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $85.56 |
| 06/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 06/30/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $85.72 |
| 06/30/2010 | Monthly Interest | Monthly Accrued Interest Charge | $246.86 |
| 07/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 07/31/2010 | Monthly Interest | Monthly Accrued Interest Charge | $233.56 |
| 07/31/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $85.87 |
| 08/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 08/31/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $86.02 |
| 08/31/2010 | Monthly Interest | Monthly Accrued Interest Charge | $221.92 |
| 09/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 09/29/2010 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $900.00 |
| 09/30/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $86.16 |
| 09/30/2010 | Monthly Interest | Monthly Accrued Interest Charge | $224.02 |
| 09/30/2010 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.01 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 09/30/2010 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.03 |
| 10/01/2010 | Monthly Servicing Fee | Monthly Servicing Fee | $35.00 |
| 10/31/2010 | Monthly Interest | Monthly Accrued Interest Charge | $218.43 |
| 10/31/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $86.68 |
| 11/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/30/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $86.82 |
| 11/30/2010 | Monthly Interest | Monthly Accrued Interest Charge | $217.05 |
| 12/01/2010 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/17/2010 | LOC/Net Line Of Credit | GARCIA, ZOILITA J | $1,000.00 |
| 12/31/2010 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $86.96 |
| 12/31/2010 | Monthly Interest | Monthly Accrued Interest Charge | $213.93 |
| 12/31/2010 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.47 |
| 12/31/2010 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.19 |
| 01/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/31/2011 | Monthly Interest | Monthly Accrued Interest Charge | $222.30 |
| 01/31/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $87.52 |
| 02/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/28/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $87.66 |
| 02/28/2011 | Monthly Interest | Monthly Accrued Interest Charge | $227.92 |
| 03/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/31/2011 | Monthly Interest | Monthly Accrued Interest Charge | $223.03 |
| 03/31/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $87.81 |
| 04/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/12/2011 | Funds Advanced-Insurance | BALBOA INSURANCE GROUP | $2,406.35 |
| 04/30/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $87.96 |
| 04/30/2011 | Monthly Interest | Monthly Accrued Interest Charge | $223.40 |
| 04/30/2011 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.59 |
| 04/30/2011 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $1.51 |
| 05/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/31/2011 | Monthly Interest | Monthly Accrued Interest Charge | $224.53 |
| 05/31/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $89.10 |
| 06/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 06/21/2011 | T & I Repayment Plan/Increase in LOC | Loan Credit/Prepayment | ($125.72) |
| 06/30/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $89.25 |
| 06/30/2011 | Monthly Interest | Monthly Accrued Interest Charge | $217.76 |
| 06/30/2011 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | ($0.04) |
| 06/30/2011 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | ($0.02) |
| 07/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 07/31/2011 | Monthly Interest | Monthly Accrued Interest Charge | $212.62 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 07/31/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $89.34 |
| 08/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 08/31/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $89.48 |
| 08/31/2011 | Monthly Interest | Monthly Accrued Interest Charge | $209.37 |
| 09/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 09/30/2011 | Monthly Interest | Monthly Accrued Interest Charge | $216.87 |
| 09/30/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $89.61 |
| 10/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 10/31/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $89.76 |
| 10/31/2011 | Monthly Interest | Monthly Accrued Interest Charge | $197.47 |
| 11/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/30/2011 | Monthly Interest | Monthly Accrued Interest Charge | $197.76 |
| 11/30/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $89.89 |
| 12/01/2011 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/31/2011 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $90.03 |
| 12/31/2011 | Monthly Interest | Monthly Accrued Interest Charge | $201.66 |
| 01/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/11/2012 | Funds Advanced-Insurance | QBE FIRST | $2,404.00 |
| 01/31/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $90.16 |
| 01/31/2012 | Monthly Interest | Monthly Accrued Interest Charge | $201.96 |
| 01/31/2012 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.66 |
| 01/31/2012 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $1.48 |
| 02/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/02/2012 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 02/29/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $91.30 |
| 02/29/2012 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.02 |
| 02/29/2012 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.01 |
| 02/29/2012 | Monthly Interest | Monthly Accrued Interest Charge | $204.51 |
| 03/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/31/2012 | Monthly Interest | Monthly Accrued Interest Charge | $204.84 |
| 03/31/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $91.45 |
| 04/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/30/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $91.58 |
| 04/30/2012 | Monthly Interest | Monthly Accrued Interest Charge | $214.31 |
| 05/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/31/2012 | Monthly Interest | Monthly Accrued Interest Charge | $220.14 |
| 05/31/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $91.73 |
| 06/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 06/30/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $91.87 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 06/30/2012 | Monthly Interest | Monthly Accrued Interest Charge | $216.82 |
| 07/01/2012 | Monthly Servicing Fee | Monthly Accrued Interest Charge | $35.00 |
| 07/31/2012 | Monthly Interest | Monthly Accrued Interest Charge | $222.68 |
| 07/31/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $92.01 |
| 08/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 08/31/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $92.16 |
| 08/31/2012 | Monthly Interest | Monthly Accrued Interest Charge | $223.03 |
| 09/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 09/06/2012 | Funds Advanced-Insurance | QBE FIRST | $4,352.65 |
| 09/30/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $92.31 |
| 09/30/2012 | Monthly Interest | Monthly Accrued Interest Charge | $216.00 |
| 09/30/2012 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $1.43 |
| 09/30/2012 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $3.35 |
| 10/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 10/31/2012 | Monthly Interest | Monthly Accrued Interest Charge | $224.35 |
| 10/31/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $94.26 |
| 11/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/30/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $94.41 |
| 11/30/2012 | Monthly Interest | Monthly Accrued Interest Charge | $220.92 |
| 12/01/2012 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/26/2012 | Funds Advanced-Insurance | QBE FIRST | $5,428.54 |
| 12/31/2012 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $94.56 |
| 12/31/2012 | Monthly Interest | Monthly Accrued Interest Charge | $225.05 |
| 12/31/2012 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.88 |
| 12/31/2012 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.37 |
| 01/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/31/2013 | Monthly Interest | Monthly Accrued Interest Charge | $226.91 |
| 01/31/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $96.97 |
| 02/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/28/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $97.12 |
| 02/28/2013 | Monthly Interest | Monthly Accrued Interest Charge | $225.31 |
| 03/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/31/2013 | Monthly Interest | Monthly Accrued Interest Charge | $223.71 |
| 03/31/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $97.27 |
| 04/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/30/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $97.42 |
| 04/30/2013 | Monthly Interest | Monthly Accrued Interest Charge | $227.95 |
| 05/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/31/2013 | Monthly Interest | Monthly Accrued Interest Charge | $222.45 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 05/31/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $97.57 |
| 06/01/2013 | Monthly Servicing Fee | Monthly Servicing Fee | $35.00 |
| 06/19/2013 | Funds Advanced-Insurance | QBE FIRST | $4,350.91 |
| 06/21/2013 | Funds Advanced-Taxes | Wells Fargo Bank | $740.25 |
| 06/30/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $97.71 |
| 06/30/2013 | Monthly Interest | Monthly Accrued Interest Charge | $218.88 |
| 06/30/2013 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.75 |
| 06/30/2013 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $1.67 |
| 07/01/2013 | Monthly Servicing Fee | Monthly Servicing Fee | $35.00 |
| 07/31/2013 | Monthly Interest | Monthly Accrued Interest Charge | $223.96 |
| 07/31/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $99.98 |
| 08/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 08/31/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $100.13 |
| 08/31/2013 | Monthly Interest | Monthly Accrued Interest Charge | $232.31 |
| 09/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 09/30/2013 | Monthly Interest | Monthly Accrued Interest Charge | $222.63 |
| 09/30/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $100.28 |
| 10/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 10/31/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $100.43 |
| 10/31/2013 | Monthly Interest | Monthly Accrued Interest Charge | $228.99 |
| 11/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/30/2013 | Monthly Interest | Monthly Accrued Interest Charge | $221.29 |
| 11/30/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $100.59 |
| 12/01/2013 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/24/2013 | Funds Advanced-Insurance | QBE FIRST | $3,540.41 |
| 12/31/2013 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $100.73 |
| 12/31/2013 | Monthly Interest | Monthly Accrued Interest Charge | $223.63 |
| 12/31/2013 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.75 |
| 12/31/2013 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.34 |
| 01/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/02/2014 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 01/28/2014 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 01/31/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $102.36 |
| 01/31/2014 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.01 |
| 01/31/2014 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.02 |
| 01/31/2014 | Monthly Interest | Monthly Accrued Interest Charge | $231.33 |
| 02/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/28/2014 | Monthly Interest | Monthly Accrued Interest Charge | $231.72 |
| 02/28/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $102.53 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 03/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/31/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $102.68 |
| 03/31/2014 | Monthly Interest | Monthly Accrued Interest Charge | $227.96 |
| 04/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/15/2014 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 04/16/2014 | Servicing Advance - 571-Appraisals | ServiceLink | $375.00 |
| 04/30/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $102.83 |
| 04/30/2014 | Monthly Interest | Monthly Accrued Interest Charge | $230.35 |
| 04/30/2014 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.17 |
| 04/30/2014 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.08 |
| 05/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/14/2014 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 05/31/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $103.16 |
| 05/31/2014 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 05/31/2014 | Monthly Interest | Monthly Accrued Interest Charge | $233.13 |
| 06/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 06/12/2014 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 06/18/2014 | Funds Advanced-Insurance | QBE FIRST | $4,350.91 |
| 06/30/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $103.32 |
| 06/30/2014 | Monthly Interest | Monthly Accrued Interest Charge | $229.36 |
| 06/30/2014 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $1.60 |
| 06/30/2014 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.72 |
| 07/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 07/15/2014 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 07/31/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $105.30 |
| 07/31/2014 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 07/31/2014 | Monthly Interest | Monthly Accrued Interest Charge | $229.54 |
| 08/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 08/15/2014 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 08/31/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $105.46 |
| 08/31/2014 | Monthly Interest | Monthly Accrued Interest Charge | $234.11 |
| 08/31/2014 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 09/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 09/15/2014 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 09/30/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $105.62 |
| 09/30/2014 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 09/30/2014 | Monthly Interest | Monthly Accrued Interest Charge | $234.47 |
| 10/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 10/15/2014 | Funds Advanced-Legal* | Robertson, Anschutz & Schneid, P.L. | $3,327.45 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 10/16/2014 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 10/31/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $105.79 |
| 10/31/2014 | Monthly Interest | Monthly Accrued Interest Charge | $234.84 |
| 10/31/2014 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 11/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/30/2014 | Monthly Interest | Monthly Accrued Interest Charge | $233.09 |
| 11/30/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $105.95 |
| 12/01/2014 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/12/2014 | Funds Advanced-Legal* | Robertson, Anschutz & Schneid, P.L. | $1,225.00 |
| 12/23/2014 | Funds Advanced-Insurance | QBE FIRST | $3,486.72 |
| 12/31/2014 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $106.11 |
| 12/31/2014 | Monthly Interest | Monthly Accrued Interest Charge | $235.55 |
| 12/31/2014 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.85 |
| 12/31/2014 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.38 |
| 01/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/02/2015 | Funds Advanced-Legal* | Robertson, Anschutz & Schneid, P.L. | $600.00 |
| 01/31/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $107.72 |
| 01/31/2015 | Monthly Interest | Monthly Accrued Interest Charge | $245.59 |
| 02/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/28/2015 | Monthly Interest | Monthly Accrued Interest Charge | $274.01 |
| 02/28/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $107.88 |
| 03/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/31/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $108.05 |
| 03/31/2015 | Monthly Interest | Monthly Accrued Interest Charge | $252.84 |
| 04/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/16/2015 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 04/17/2015 | Servicing Advance - 571-Appraisals | LSI | $375.00 |
| 04/30/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $108.22 |
| 04/30/2015 | Monthly Interest | Monthly Accrued Interest Charge | $264.05 |
| 04/30/2015 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.07 |
| 04/30/2015 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.17 |
| 05/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/13/2015 | Funds Advanced-Taxes | Wells Fargo Bank | $656.30 |
| 05/18/2015 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 05/31/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $108.55 |
| 05/31/2015 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.42 |
| 05/31/2015 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.17 |
| 05/31/2015 | Monthly Interest | Monthly Accrued Interest Charge | $273.54 |
| 06/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 06/16/2015 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 06/17/2015 | Funds Advanced-Insurance | QBE FIRST | $4,350.91 |
| 06/30/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $109.00 |
| 06/30/2015 | Monthly Interest | Monthly Accrued Interest Charge | $270.34 |
| 06/30/2015 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.78 |
| 06/30/2015 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $1.93 |
| 07/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 07/20/2015 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 07/31/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $111.00 |
| 07/31/2015 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 07/31/2015 | Monthly Interest | Monthly Accrued Interest Charge | $279.72 |
| 08/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 08/17/2015 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 08/31/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $111.19 |
| 08/31/2015 | Monthly Interest | Monthly Accrued Interest Charge | $286.86 |
| 08/31/2015 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 09/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 09/17/2015 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 09/30/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $111.38 |
| 09/30/2015 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 09/30/2015 | Monthly Interest | Monthly Accrued Interest Charge | $296.26 |
| 10/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 10/13/2015 | Funds Advanced-Legal* | Robertson, Anschutz & Schneid, P.L. | $3,456.57 |
| 10/19/2015 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 10/31/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $111.57 |
| 10/31/2015 | Monthly Interest | Monthly Accrued Interest Charge | $303.46 |
| 10/31/2015 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 11/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/23/2015 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 11/30/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $111.77 |
| 11/30/2015 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 11/30/2015 | Monthly Interest | Monthly Accrued Interest Charge | $299.52 |
| 12/01/2015 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/07/2015 | Funds Advanced-Legal* | Robertson, Anschutz & Schneid, P.L. | $675.00 |
| 12/08/2015 | Funds Advanced-Legal* | Robertson, Anschutz & Schneid, P.L. | $600.00 |
| 12/22/2015 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 12/23/2015 | Funds Advanced-Insurance | QBE FIRST | $3,442.00 |
| 12/31/2015 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $111.96 |
| 12/31/2015 | Monthly Interest | Monthly Accrued Interest Charge | $275.42 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 12/31/2015 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.93 |
| 12/31/2015 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.38 |
| 01/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/07/2016 | Servicing Advance - 571-Appraisals | LSI | $375.00 |
| 01/21/2016 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 01/25/2016 | Funds Advanced-Legal* | Robertson, Anschutz & Schneid, P.L. | $650.00 |
| 01/31/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $113.57 |
| 01/31/2016 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.13 |
| 01/31/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.38 |
| 01/31/2016 | Monthly Interest | Monthly Accrued Interest Charge | $343.00 |
| 02/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/18/2016 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 02/29/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $113.95 |
| 02/29/2016 | Monthly Interest | Monthly Accrued Interest Charge | $376.02 |
| 02/29/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 03/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/22/2016 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 03/31/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $114.18 |
| 03/31/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 03/31/2016 | Monthly Interest | Monthly Accrued Interest Charge | $333.39 |
| 04/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/20/2016 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 04/30/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $114.39 |
| 04/30/2016 | Monthly Interest | Monthly Accrued Interest Charge | $356.87 |
| 04/30/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 05/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/16/2016 | Funds Advanced-Legal* | Robertson, Anschutz & Schneid, P.L. | $525.00 |
| 05/20/2016 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 05/31/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $114.61 |
| 05/31/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.01 |
| 05/31/2016 | Monthly Interest | Monthly Accrued Interest Charge | $375.90 |
| 06/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 06/20/2016 | Funds Advanced-Insurance | QBE FIRST | $3,914.38 |
| 06/20/2016 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 06/30/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $114.83 |
| 06/30/2016 | Monthly Interest | Monthly Accrued Interest Charge | $362.87 |
| 06/30/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $1.70 |
| 06/30/2016 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.54 |
| 07/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |

| LoanNumber : | | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 07/19/2016 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 07/21/2016 | T & I Repayment Plan/Increase in LOC | Loan Credit/Prepayment | ($4,939.58) |
| 07/31/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $116.68 |
| 07/31/2016 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | ($0.67) |
| 07/31/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | ($2.26) |
| 07/31/2016 | Monthly Interest | Monthly Accrued Interest Charge | $392.06 |
| 08/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 08/17/2016 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 08/23/2016 | T & I Repayment Plan/Increase in LOC | Loan Credit/Prepayment | ($735.16) |
| 08/31/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $114.86 |
| 08/31/2016 | Monthly Interest | Monthly Accrued Interest Charge | $356.07 |
| 08/31/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | ($0.24) |
| 08/31/2016 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | ($0.08) |
| 09/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 09/22/2016 | T & I Repayment Plan/Increase in LOC | Loan Credit/Prepayment | ($735.16) |
| 09/30/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $114.77 |
| 09/30/2016 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | ($0.08) |
| 09/30/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | ($0.25) |
| 09/30/2016 | Monthly Interest | Monthly Accrued Interest Charge | $351.21 |
| 10/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 10/31/2016 | Monthly Interest | Monthly Accrued Interest Charge | $364.66 |
| 10/31/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $114.67 |
| 11/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 11/21/2016 | T & I Repayment Plan/Increase in LOC | Loan Credit/Prepayment | ($693.34) |
| 11/30/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $114.89 |
| 11/30/2016 | Monthly Interest | Monthly Accrued Interest Charge | $367.64 |
| 11/30/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | ($0.27) |
| 11/30/2016 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | ($0.09) |
| 12/01/2016 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 12/21/2016 | Funds Advanced-Insurance | QBE FIRST | $3,173.00 |
| 12/31/2016 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $114.82 |
| 12/31/2016 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.43 |
| 12/31/2016 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $1.45 |
| 12/31/2016 | Monthly Interest | Monthly Accrued Interest Charge | $383.48 |
| 01/01/2017 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 01/24/2017 | T & I Repayment Plan/Increase in LOC | Loan Credit/Prepayment | ($693.00) |
| 01/31/2017 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $116.36 |
| 01/31/2017 | Monthly Interest | Monthly Accrued Interest Charge | $416.57 |
| 01/31/2017 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | ($0.24) |

| LoanNumber : | ██████ | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

| Transaction Date | Transaction Description | Payee | Transaction Amount |
|---|---|---|---|
| 01/31/2017 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | ($0.07) |
| 02/01/2017 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 02/01/2017 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 02/28/2017 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $116.31 |
| 02/28/2017 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | $0.01 |
| 02/28/2017 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | $0.03 |
| 02/28/2017 | Monthly Interest | Monthly Accrued Interest Charge | $437.32 |
| 03/01/2017 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 03/21/2017 | T & I Repayment Plan/Increase in LOC | Loan Credit/Prepayment | ($2,222.33) |
| 03/24/2017 | Funds Advanced-Inspection | National Field Representatives | $20.00 |
| 03/31/2017 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $116.56 |
| 03/31/2017 | Monthly Interest | Monthly Accrued Interest Charge | $421.96 |
| 03/31/2017 | Interest On Monthly Transaction | Sum of Per Diem Accrued Interest On Monthly Transaction | ($1.10) |
| 03/31/2017 | MIP On Monthly Transaction | Sum of Per Diem MIP On Monthly Transaction (HUD) | ($0.30) |
| 04/01/2017 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 04/14/2017 | Funds Advanced-Legal* | Robertson, Anschutz & Schneid, P.L. | $375.00 |
| 04/30/2017 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $115.88 |
| 04/30/2017 | Monthly Interest | Monthly Accrued Interest Charge | $421.81 |
| 05/01/2017 | Monthly Servicing Fee | Monthly Service Fee | $35.00 |
| 05/02/2017 | Monthly Mortgage Insurance Premium | Mortgage Insurance Premium (HUD) | $7.64 |
| 05/02/2017 | Monthly Interest | Monthly Accrued Interest Charge | $30.54 |
| | | **Total :** | **$290,197.69** |

This transaction summary is for informational purposes only and is **not** a payoff statement. The amount necessary to payoff this loan may include additional amounts not shown above. A payoff statement may be obtained by faxing or mailing a written request, signed by an authorized party on the account, to 866 -914-9798, or mailing address P.O.Box 85400, Austin, TX 78708, ATTN: PAYOFF REQUEST.

Per Diem Accrued Interest On Monthly Transaction = total interest charged for all transactions within that month.

| LoanNumber : | ████ | Product Type : | HECM M-Adj | Borrower Name : | GARCIA, ZOILITA J |
|---|---|---|---|---|---|

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                    CASE NO.: 15-29592-RAM
                                                         CHAPTER 13

Zoilita J Garcia,

     Debtor.

_____/

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

On August 1, 2017, a Motion for Relief from Automatic Stay (DE # 69) Pursuant to 11

U.S.C. § 362(d) (the "Motion") regarding the real property commonly known as 675 NE 135th St.,

North Miami, FL 33161 was filed by CIT Bank, N.A. (the "Movant") in the above-referenced case.

The Motion was resolved with the Agreed Order Denying Motion For Relief From Stay and

Granting Adequate Protection ("Agreed Order") (Docket # 86). The Debtor has failed to maintain

property taxes and insurance on the subject property pursuant to the terms of the Agreed Order.

Accordingly, it if therefore:

**ORDERED**:

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 675 NE 135th St., North Miami, FL 33161 in Miami-Dade County, Florida, and legally described as:

THE EAST 40 FEET OF LOT 25 AND THE WEST 20 FEET OF LOT 26 IN BLOCK 51, OF IRONS MANOR HIGH PINES ADDITION SECTION "A" AS RECORDED IN PLAT BOOK 23, AT PAGE 80, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtors.

4. Secured Creditor is further granted relief in order to contact the Debtors by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

###

Submitted by:
Nathalie Rodriguez, Esq.
Robertson, Anschutz & Schneid, PL
*Attorney for Creditor*
6409 Congress Ave., Suite 100
Boca Raton, FL 33487


Nathalie Rodriguez, Esq., is directed to serve copies of this order on the parties listed and file a certificate of service.

Ricardo Corona, Esq.
3899 NW 7 St, Second Floor
Miami, FL 33126

Zoilita J Garcia
675 NE 135 Street
Miami, FL 33161

Nancy K. Neidich
www.ch13miami.com
POB 279806
Miramar, FL 33027

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130